UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TRAVIS GUNTLE, JR.,

        Plaintiff,

v.

VAN BUREN COUNTY JAIL et al.,

        Defendants.

_____/

Case No. 1:23-cv-227

Honorable Sally J. Berens

## OPINION

This is a civil rights action brought by a county inmate under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. (ECF No. 6.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is

fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Van Buren County Jail. Plaintiff's excessive force claims against Defendants Smalls and Johnson remain in the case, and the Court will direct service of the complaint upon Defendants Smalls and Johnson.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated at the Cass County Jail in Cassopolis, Michigan. The events of which he complains, however, occurred during his prior incarceration at the Van Buren County Jail in Paw Paw, Michigan. Plaintiff sues the Van Buren County Jail, as well as Sergeants Unknown Smalls and Unknown Johnson.

---

[1] *But see Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Plaintiff alleges that on October 4, 2022, Defendants Smalls and Johnson restrained him and "smashed [his] head against the ground" while Plaintiff's hands were cuffed behind his back. (ECF No. 1, PageID.1.) Plaintiff suffered a black eye. (*Id.*) Defendants Smalls and Johnson then placed Plaintiff in a restraint chair, and Defendant Smalls choked Plaintiff "until the point of unconsciousness." (*Id.*) When Plaintiff came to, Defendants Smalls and Johnson rapped their knuckles on Plaintiff's chest, leaving bruises. (*Id.*) Plaintiff was left in the restraint chair "for 3 plus hours covered in mace." (*Id.*) He did not receive medical treatment. (*Id.*)

Based on the foregoing, Plaintiff asserts excessive force claims against Defendants Smalls and Johnson. (*Id.*) He does not specify what relief he seeks.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to

4

relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.     Claims against the Van Buren County Jail

Plaintiff has named the Van Buren County Jail as a Defendant in this matter. The jail, however, is a building that houses prisoners and pretrial detainees, not a "person" capable of being sued under Section 1983. *See Goldman v. Kalamazoo Cnty. Jail*, No. 1:16-cv-359, 2016 WL 3180043, at *2 (W.D. Mich. June 8, 2016) (collecting cases). For that reason alone, the Van Buren County Jail can be dismissed from this action.

Moreover, construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, and even assuming that Plaintiff intended to sue Van Buren County, he fails to state a claim upon which relief may be granted. Van Buren County may not be held vicariously liable for the actions of its employees under Section 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. Here, Plaintiff fails to allege any facts to suggest the existence of a custom

or policy, and any claims against Van Buren County would be premised on a theory of vicarious liability. Plaintiff, therefore, fails to state any claim against Van Buren County.

Accordingly, for all of these reasons, the Court will dismiss the Van Buren County Jail from this action.

### B. Claims against Defendants Smalls and Johnson

Plaintiff contends that Defendants Smalls and Johnson violated his constitutional rights by using excessive force against him on October 7, 2022.

Claims of excessive force are governed by the provisions of the Fourth, Eighth, and Fourteenth Amendments, depending upon where in the criminal process the use of force occurs. For convicted prisoners, the Eighth Amendment's ban on cruel and unusual punishment governs the use of excessive force. *See Wilkins v. Gaddy*, 559 U.S. 34, 37–39 (2010). For pretrial detainees, the protection against the use of excessive force is afforded by the Fourteenth Amendment's Due Process Clause. *See Kingsley v. Hendrickson*, 576 U.S. 389, 392–93 (2015); *see also Westmoreland v. Butler Cnty., Ky.*, 29 F.4th 721, 727 (6th Cir. 2022), *reh'g en banc denied*, 35 F.4th 1051 (6th Cir. 2022). Finally, the Fourth Amendment protects against the use of excessive force against someone "in the course of an arrest, investigatory stop, or other 'seizure.'" *Graham v. Connor*, 490 U.S. 386, 395 (1989). Fourth Amendment protections apply for "one who has been arrested but has not yet received a judicial determination of probable cause, either through an arrest warrant or a post-arrest probable cause hearing." *Colson v. City of Alcoa, Tenn.*, 37 F.4th 1182, 1187 (6th Cir. 2022) (citing *Aldini v. Johnson*, 609 F.3d 858, 866 (6th Cir. 2010)).

Plaintiff references the Fourth Amendment in his complaint, but the complaint contains no facts that would permit the Court to conclusively determine whether Plaintiff was a convicted prisoner, pretrial detainee, or arrestee on October 7, 2022, when the alleged use of excessive force

occurred. Nonetheless, regardless of which constitutional provision applies, Plaintiff has set forth plausible excessive force claims against Defendants Smalls and Johnson.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Van Buren County Jail will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's excessive force claims against Defendants Smalls and Johnson remain in the case, and the Court will direct service of the complaint upon Defendants Smalls and Johnson.

An order consistent with this opinion will be entered.

Dated:   April 3, 2023                              /s/ Sally J. Berens
                                                    Sally J. Berens
                                                    United States Magistrate Judge